IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

**JOHN DOE, by and through his next best friend, JANE DOE**,

Plaintiff,

v.

**MESA COUNTY VALLEY SCHOOL DISTRICT 51**;

**JARED BUREK**, in his individual capacity;

**TOM LEFEBRE**, in his individual capacity;

**MARK ALLEN**, in his individual capacity.

Defendants,

## COMPLAINT

Plaintiff John Doe ("Plaintiff" or "Doe") respectfully files this action against Defendant Mesa County Valley School District 51 ("Defendant" or "Defendant District 51"), Jared Burek in his individual capacity, Tom Lefebre, in his individual capacity, and Mark Allen, in his individual capacity, through the undersigned counsel of record Kishinevsky & Raykin, Attorneys at Law, and states on information and belief as follows. This action seeks injunctive and declarative relief.

### I.   NATURE OF THE ACTION

1. John Doe is a child with a disability, who, all his life, has experienced academic challenges because of his disability.

2. Specifically, Plaintiff struggles with writing and has been identified as a student with a specific learning disability in writing.

3. Over the years, Plaintiff has learned to advocate for himself in school, requesting accommodations and services for his disability and expressing his needs to those he believes can and should help him.

4. Plaintiff advocates for himself in wriitng, *despite* how his disability impacts his writing abilities.

5. Rather than celebrating Plaintiff's self-advocacy and responding to his requests and concerns, the defendants in this case have retaliated against Plaintiff for seeking help, for being proactive in his education, and for fighting for his statutory rights.

## II. JURISDICTION AND VENUE

1. The court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Federal question jurisdiction arises under the Constitution and laws of the United States of America, including but not limited to the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

2. Plaintiff is a resident of Colorado.

3. Defendant Mesa County Valley School District 51 ("District") is a school district in Mesa County, Colorado. Defendant District 51's administrative office is located at 2115 Grand Ave, Grand Junction, CO 81501.

4. The individual defendants are residents of Colorado, and all of them were District employees at the time of the alleged wrongdoings herein.

5. The wrongful acts alleged by Plaintiff occurred in whole or in part in Mesa County, Colorado.

6. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) and (2).

## II. BACKGROUND FACTS

7. Plaintiff is a child with a disability who qualifies for special education under the Individuals with Disabilities Education Act (IDEA).

8. Specifically, Plaintiff has been identified as a student with a specific learning disability in written expression.

9. At all times while Plaintiff attended school in the District, he was on an Individualized Education Plan ("IEP").

10. Over the course of two academic years, the Defendant implemented a practice of disciplining Plaintiff for expressing his frustrations and advocating for himself over email.

11. During the 2020-2021 academic year, Plaintiff was a student at Gateway Middle School ("Gateway").

12. Gateway is a public school operated by the District.

13. During the 2020-2021 academic year, Mark Allen ("Mr. Allen") was Principal of Gateway.

14. On February 3, 2021, while a Gateway student, Plaintiff sent the following email to Mr. Allen, Makayla Sutherland, Madonna Dormaier—Plaintiff's general education teacher, Teri Ciocco—Plaintiff's math and science teacher:

    > Mrs. Ciocco keeps saying she is in a bad mood and she has been giving me dirty looks and when I get my music on like she allows us she tells me if she sees my phone out again she will take it but other student get phone calls and she lets them go on there phone and I have no work in her math class, please forward to my parents.

15. In sending this email, Plaintiff exercised his First Amendment right to freely express himself.

16. This email—which was sent directly to four District employees—caused no disruption to the learning environment as other students had no access to Plaintiff's email.

17. Nonetheless, Gateway disciplined Plaintiff for sending his email by forcing Plaintiff to leave school early and return home for the rest of the school day.

18. Gateway administration informed Plaintiff that this would not count as a suspension, but nevertheless, Plaintiff would not be able to return to school for five days and would only be able to return to school following a reentry meeting.

19. For all intents and purposes, this was a five-day suspension, whether or not Gateway chose to classify it as such.

20. Plaintiff was not able to access his education for the five days that the District disciplined him for writing an email.

21. The following year—the 2021-2022 academic year—Plaintiff was a student at Grand Junction High School (GJHS).

22. GJHS is also a public school within Defendant District 51's district boundaries.

23. During the 2021-2022 academic year, Jared Burek ("Mr. Burek") was a Grand Junction High School Assistant Principal and Tom LeFebre ("Mr. LeFebre") was Dean of Students.

24. On November 9, 2021, Plaintiff sent an email to three of his Grand Junction High School teachers: India Leech ("Ms. Leech"), Walter Fox ("Mr. Fox"), and Amy Lafferty ("Ms. Lafferty").

25. Plaintiff also included on the email Dawn Cruickshank ("Ms. Cruickshank")—a District 51 special education coordinator, Jan Blair ("Ms. Blair")—a District 51 Special Education Compliance Consultant, and Mr. Burek.

26. Plaintiff's email stated the following:

> I find it wrong that some of you want to be involved but some do not answer you know who you are so now if you want to be involved I feel you need to answer shame on the ones who don't answer so let's get to my point [M]rs. Rafferty do you know italics is part of MLA format for book titles. You also told my sister to look

> over my comp/lit so what is it because you still gave me a D so please elaborate. Matter of fact I have a few things for you to elaborate for me because your grading doesn't make sense
> 1. Why can't I use I, me, my and so on because these are acceptable in MLA format?
> 2. Italics are part of MLA format when providing the book title it is unproper[sic] to put this in quotations.
> 3. You need to put everything in the rubric if I you want it ok
>
> So now let get to my other points I have asked you [M]rs. leech for help today but multiple things where more important correct? So shame on your Mrs. [L]eech shame one[sic] you [M]rs. Raggerty shame on you guys who don't answer it is sad when I reach out for help y'all can't help…. I can't express how frustrated I am with y'all and this just shows I don't get my direct instruction if when I ask for help I can't get help and I really hope y'all can explain where I get direct instruction as it says in my IEP which I think some of you should read over a bit better.
> Sincerely,
> [John Doe]

27. Plaintiff's email expressed his frustration with his teachers.

28. Plaintiff shared that he felt teachers had ignored his requests for help and as a result, he continued to not understand a writing assignment.

29. Plaintiff requested help on the writing assignment, asking specific questions about the rubric and formula.

30. Plaintiff concluded his email sharing that he felt like he had not been getting the direct instruction that he is supposed to receive as part of his IEP.

31. In sending this email, Plaintiff was again exercising his First Amendment right to free speech.

32. The District, again, disciplined Plaintiff for exercising his constitutional right.

33. As a result of this email, Plaintiff was sent to the office, where Mr. Burek called Plaintiff's father, Mike Goodwin ("Mr. Goodwin").

34. Mr. Burek stated that Plaintiff's email did not follow the school rule of "using appropriate and professional verbal and physical boundaries" because Plaintiff had written "shame on you" to his teachers.

35. According to the student discipline record, Mr. Burek and Mr. LeFebre ". . . discussed with [Plaintiff] that the email did [not] follow our school rule 'We use appropriate and professional verbal and physical boundaries,' particularly with regard to his saying 'shame on you' to his teachers."

36. While the student discipline record states that Plaintiff was given a "timeout," Plaintiff in fact served the equivalent of in-school suspension because of his email.

37. On May 3, 2022, Plaintiff sent an email to Walter Fox ("Mr. Fox"), a Grand Junction High School teacher, and Stacey Keever ("Ms. Keever"), a Grand Junction High School Counselor.

38. At the time, Plaintiff was a student in Mr. Fox's math class.

39. Ms. Keever was the school counselor assigned to Plaintiff.

40. Plaintiff's email read:

> Who here is familiar with gradpoint and how long it takes a student to complete a course.[sic] I hope you mr.fox[sic] answer with "I'll prove you wrong" because that's what you said in person. However the course takes a year would you like me to cite my sources? I was wanting help with gradpoint your response was it's my fault so shame on you I expect an apology. I want copies of every report card from this year an[sic] I expect it by the end of the day. I started this course late. We need to know that instead of blaming the student like you do fox it's never your fault correct. Respond wisely because you're on video saying things so make sure it's the same statement. When i[sic] asked shouldn't I work on writing in my sped class you responded with sometimes we will have a prompt today when I asked for copies of mine you couldn't show me and that is frustrating. I will not be threatened to not get credit for the corse[sic] after my schedule was messed up. Please prove me wrong fox[sic]

41. In sending this email, Plaintiff again exercised his First Amendment right to free speech, and again, the District disciplined him.

42. As a result of this email, Plaintiff was sent to the office.

43. In the office, District staff called Plaintiff's father, Mike Goodwin ("Mr. Goodwin").

44. District staff recorded this as a discipline infraction for Plaintiff.

45. According to that discipline record, Plaintiff was told that his email was not "appropriate" and "can be viewed as being disrespectful."

46. Plaintiff was given the option to either re-write the email or sit in in-school suspension.

47. Plaintiff re-wrote the email to include the words "all due respect" and an emoji at the suggestion of Jan Blair.

## I.  CLAIMS

### FIRST CLAIM FOR RELIEF

### VIOLATION OF FIRST AMENDMENT RIGHTS—DENIAL OF FREEDOM OF EXPRESSION AGAINST ALL DEFENDANTS

48. Plaintiff reincorporates and realleges all other paragraphs as if fully set forth herein.

49. 42 U.S.C. § 1983 provides that: "Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress…"

50. Plaintiff is a citizen of the United States and Defendants are persons for the purposes of 42 U.S.C. § 1983.

51. At all relevant times, Defendants were acting under the color of state law in their capacity as employees at the public school district.

52. As the alleged conduct occurred during school hours, Defendants' acts were conducted within the scope of their employment.

53. On three occasions, Plaintiff sent emails to District staff expressing his grievances and frustrations about particular teachers and advocating for himself.

54. On all three occasions, the District responded by disciplining Plaintiff for the content of his emails.

55. The District staff's actions reflect that the District has a policy which limits students' abilities to express themselves in ways that they describe as "inappropriate." Such policy does not compute with the law.

56. As a state actor, District 51 is subject to the Constitutional requirements of the First and Fourteenth Amendments to the United States Constitution.

57. As Principal of Gateway, Mr. Allen is a final decision maker with respect to student discipline. In the alternative, Defendants delegated final decision-making authority over discipline decisions at Gateway, a school within the District, to Mr. Allen.

58. As Assistant Principal at Grand Junction High School, Mr. Burek is a final decision maker with respect to student discipline. In the alternative, Defendants delegated final decision-making authority over discipline decisions at Grand Junction High School, a school within the District, to Mr. Burek.

59. As Dean of Students at Grand Junction High School, Mr. LeFebre is a final decision maker with respect to student discipline. In the alternative, Defendants delegated final

decision-making authority over discipline decisions at Grand Junction High School, a school within the District, to Mr. LeFebre.

60. None of the defendants are entitled to qualified immunity.

61. The First Amendment provides that "Congress shall make no law…abridging the freedom of speech…" U.S. Const. Amend. I.

62. It is well established law in the Tenth Circuit that students in public education settings "do not 'shed their constitutional rights to freedom of speech or expression at the schoolhouse gate.'" *Seamons v. Snow*, 84 F.3d 1226, 1237 (10th Cir. 1996)(quoting *Tinker v. Des Moines School Dist.*, 393 U.S. 503, 506 (1969)).

63. In order to restrict a student's speech in situations not involving school sponsored speech, the speech must "'substantially interfere with the work of the school or impinge upon the rights of other students.'" *Tinker v. Des Moines School Dist., 393 U.S.* at 509.

64. A student's right to bring complaints to the appropriate persons in a public-school setting is well established in the Tenth Circuit. *Seamons v. Snow*, 84 F.3d at 1238.

65. "In order for the State in the person of school officials to justify prohibition of a particular expression of opinion, it must be able to show that its action was caused by something more than a mere desire to avoid the discomfort and unpleasantness that always accompany an unpopular viewpoint." *Tinker v. Des Moines School Dist., 393 U.S. at 509.*

66. Plaintiff's speech, in the form of three emails, to specific school staff members, requesting help and expressing his frustration, does not involve a substantial interference or material disruption to the work of District 51.

67. Plaintiff expressed views contrary to District staff; indeed, his views likely caused the recipients feelings of discomfort and feelings of unpleasantry. Such feelings did not give the District the green light to discipline Plaintiff.

68. The Defendants imposed a policy that all student speech must "use appropriate and professional verbal and physical boundaries."

69. This policy restricts student speech beyond what is allowed by the law as it limits speech beyond that which substantially interfere with the work of the school or impinge upon the rights of other students.

70. As a direct and proximate result of Defendants' conduct and policy, Plaintiff was deprived of his Constitutional right to freedom of expression.

71. Whether or not the District's actions and policy in fact deterred Plaintiff, a person of ordinary firmness would be chilled from continuing to engage in such protected activity.

## SECOND CLAIM FOR RELIEF

### VIOLATION OF PLAINTIFF'S FIRST AMENDMENT—RETALIATION AGAINST DISTRICT 51 AND MARK ALLEN

72. Plaintiff reincorporates and realleges all other paragraphs as if fully set forth herein.

73. To establish a First Amendment claim based on retaliation, a plaintiff must demonstrate: (1) that he engaged in constitutionally protected activity; (2) the defendant(s) caused him to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) the adverse action were substantially motivated by the Plaintiff's constitutionally protected conduct. *Worrell v. Henry*, 219 F.3d 1197, 1212 (10th Cir. 2000).

74. On February 3, 2021, Plaintiff, as a student at Gateway Middle School, engaged in constitutionally protected activity by expressing his concerns regarding a teacher through email to Gateway and District staff.

75. Plaintiff's email was protected speech under the First Amendment of the Constitution.

76. Mr. Allen responded to Plaintiff's exercise of free speech by removing him from the school altogether, denying him the opportunity to continue his education that day and for the following five days.

77. As Principal of Gateway, Mr. Allen is a final decision maker with respect to student discipline. In the alternative, Defendants delegated final decision-making authority over discipline decisions at Gateway, a school within the District, to Mr. Allen.

78. Mr. Allen was clear that Plaintiff was being disciplined for the content of his emails.

79. This is retaliatory behavior, where the District punished Plaintiff for exercising his First Amendment rights.

### THIRD CLAIM FOR RELIEF
### VIOLATION OF PLAINTIFF'S FIRST AMENDMENT—RETALIATION
### AGAINST DISTRICT 51, JARED BUREK

80. Plaintiff reincorporates and realleges all other paragraphs as if fully set forth herein.

81. On November 9, 2021, Plaintiff, then a student at Grand Junction High School, sent an email to three of his Grand Junction High School teachers and three District staff.

82. Plaintiff expressed his frustration with his teachers, who he felt had ignored his requests for help.

83. In sending this email, Plaintiff was again exercising his First Amendment right to free speech. Plaintiff was self-advocating, asking for help and his special education services.

84. The District, again, disciplined Plaintiff for exercising his Constitutional right.

85. Rather than, respond to any of Plaintiff's concerns, Mr. Burek disciplined Plaintiff by issuing him an in-school suspension and reporting the incident as a disciplinary infraction in the District's system and in a phone call to Plaintiff's father.

86. As Assistant Principal at Grand Junction High School, Mr. Burek is a final decision maker with respect to student discipline. In the alternative, Defendants delegated final decision-making authority over discipline decisions at Grand Junction High School, a school within the District, to Mr. Burek.

87. Mr. Burek's disciplinary action against Plaintiff was an adverse action, which was clearly motivated by Plaintiff's exercise of his First Amendment rights.

**FOURTH CLAIM FOR RELIEF**
**VIOLATION OF PLAINTIFF'S FIRST AMENDMENT—RETALIATION**
**AGAINST DISTRICT 51, TOM LEFEBRE**

88. Plaintiff reincorporates and realleges all other paragraphs as if fully set forth herein.

89. On May 3, 2022, while Plaintiff was still a student at Grand Junction High School, Plaintiff sent an email to two Grand Junction High School teachers and a Grand Junction High School counselor.

90. In his email, Plaintiff expressed his frustration with his teacher and his concern that he was not being set up for success.

91. In sending this email, Plaintiff again exercised his First Amendment right to free speech and advocated for himself to District staff.

92. As a result of this email, Plaintiff was sent to the office, during which time he missed class instruction and was removed from the learning environment.

93. Mr. LeFebre and Mr. Burek told Plaintiff that he would need to either re-write the email or serve in-school suspension.

94. As Assistant Principal at Grand Junction High School, Mr. Burek is a final decision maker with respect to student discipline. In the alternative, Defendants delegated final decision-making authority over discipline decisions at Grand Junction High School, a school within the District, to Mr. Burek.

95. As Dean of Students at Grand Junction High School, Mr. LeFebre is a final decision maker with respect to student discipline. In the alternative, Defendants delegated final decision-making authority over discipline decisions at Grand Junction High School, a school within the District, to Mr. LeFebre.

96. The email was recorded as a disciplinary infraction, and the District staff called and informed Plaintiff's father of the event.

97. The Defendants clearly acted in retaliation of Plaintiff's exercise of his First Amendment rights.

## FIFTH CLAIM FOR RELIEF
## VIOLATION OF AMERICANS WITH DISABILITY ACT (ADA)—
## RETALIATION
## AGAINST DEFENDANTS DISTRICT 51, JARED BUREK, TOM LEFEBRE

98. Plaintiff reincorporates and realleges all other paragraphs as if fully set forth herein.

99. "No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this [Americans with Disabilities] Act or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this [Americans with Disabilities] Act."
42 USCS § 12203.

100. According to Title II of the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of

the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

101. Plaintiff is a qualified individual under the ADA as he has a disability, a specific learning disability in writing, which substantially limits one or more major life activity.

102. A plaintiff pursuing a retaliation claim under the ADA section must show (1) that they engaged in protected activity; (2) suffered a materially adverse action . . . either after or contemporaneous with her protected activity; and (3) a causal connection between the protected activity and the adverse action. *Reinhardt v. Albuquerque Pub. Sch. Bd. of Educ.*, 595 F.3d 1126, 1131 (10th Cir. 2010).

103. On November 9, 2021, Plaintiff clearly expressed that he believed he was being denied the benefits of the services, programs, or activities of the District, a public entity when he stated that he was not receiving direct instruction as his IEP demanded and he was not receiving the help he needed to access his education. This is protected activity under the ADA.

104. The District responded by issuing the equivalent of an in-school suspension for Plaintiff when it removed him from his classroom and sent to the office. This was materially adverse as it isolated Plaintiff from his peers and preventing him from accessing his education.

105. The District, through final decision makers Tom LeFebre and Jared Burek, explicitly stated that it was inappropriate for Plaintiff to share his dissatisfaction with District staff; in other words, the District took action to discipline Plaintiff because he asserted that District staff were failing to accommodate his needs in violation of the ADA.

**PRAYER FOR RELIEF**

106. Plaintiff realleges all other paragraphs as if fully set forth herein.

107. Plaintiff seeks nominal damages for all defendants' violation of his First Amendment rights.

108. This is a civil rights suit in part requesting declaratory relief pursuant to 28 U.S.C. §§ 2201-2202 brought by Doe to enjoin the conduct alleged above.

109. Pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and Federal Rule of Civil Procedure Rule 57, Plaintiff seeks declaratory judgment in his favor and against the Defendant. Such a determination would serve a useful purpose in clarifying and settling legal relations in issue and will terminate and afford relief from uncertainty, insecurity, and controversy giving rise to this proceeding.

110. WHEREFORE, Plaintiff requests declaratory judgment enter in his favor and against the Defendant that: District 51's punishment of Plaintiff for his exercise of his freedom of speech and prior restraint on Plaintiff's speech is unconstitutional and that the District retaliated against Plaintiff in violation of the First Amendment, and the Americans with Disabilities Act.

111. WHEEREFORE, Plaintiff further requests that the Court: (1) order the Defendants to pay Plaintiff nominal damages for violation of his Constitutional and statutory rights (2) order the District to remove the relevant disciplinary records from his student records (3) award to Plaintiff costs and disbursements, as well as reasonable attorney's fees; and (4) award to Plaintiff such other and further relief as this Court may deem proper, including but not limited to requiring Defendants to effect proper training to prevent recurrence of such conduct.

*s/ Igor Raykin*
Igor Raykin, Esq., Atty. Reg. #43081
Michael Nolt, Esq. Atty. Reg # 50668
Kishinevsky & Raykin, Attorneys at Law
2851 S. Parker Rd., Suite 150
Aurora, CO 80014
Phone: 720-767-1846
E-mail: igor@coloradolawteam.com, michael@coloradolawteam
Attorney for Plaintiff